IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTIONETTE MARTINEZ and
FLORIADA TAFOYA,

       Plaintiffs,

vs.                                                                                                No. CIV 04-1326 JB/RLP

NEW MEXICO DEPARTMENT OF HEALTH,
a New Mexico State Agency, and MICHELLE LUJAN-
GRISHAM and BRIAN BROZOST, individually and
as supervisors of the NEW MEXICO DEPARTMENT
OF HEALTH AND THE DEPARTMENT OF CHILDREN,
YOUTH AND FAMILIES and NEW MEXICO STATE
PERSONNEL OFFICE, a New Mexico State Agency,
and SANDRA K. PEREZ, individually and as a
supervisor of the NEW MEXICO STATE PERSONNEL
OFFICE,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Michelle Lujan-Grisham and

Brian Brozost's Motion to Dismiss on the Basis of Qualified Immunity and Department of Health

Defendants' Motion to Dismiss or Stay on Other Grounds, filed August 10, 2005 (Doc. 45).  The

Court held a hearing on the motion on November 3, 2005.  The primary issue is whether the

individual Defendants Lujan-Grisham and Brozost are entitled to qualified immunity for their actions

alleged in the complaint.  Because Plaintiff Floriada Tafoya has not met her burden to show that she

is entitled to discovery or that the individual Defendants Lujan-Grisham and Brozost violated a clearly

established constitutional right, the Court will dismiss Count III.  The Court will also dismiss Counts

I and II against Defendant New Mexico Department of Health ("DOH"), because Tafoya did not

exhaust mandatory administrative remedies.  The Court will further dismiss Count IV, conspiracy pursuant to § 1983 against Defendants Lujan-Grisham, Brozost and DOH, because Tafoya failed to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

In 1997, DOH employed Tafoya as a laundry worker at the Las Vegas Medical Center.  See First Amended Complaint for Damages ("Amended Complaint") ¶ 28, at 9 and ¶ 6, at 2, filed April 4, 2005 (Doc. 19).  In April 2003, Tafoya sustained an on-the-job injury.  Dr. Nail, a doctor assigned to DOH,  placed her on Temporary Modified Duty, which included filing, data input, and answering phones.  See id. ¶ 28, at 9; Letter from Brozost to Tafoya at 1 (dated May 20, 2004)(attached to Amended Complaint as Exhibit 4).

Dr. Nail referred Tafoya to Dr. Paul Conescu for pain control, evaluation and physical therapy referrals.  See id. at 1-2.  After December 3, 2003, Tafoya received no physical therapy, because she did not keep the appointments.  See id. at 2.  Tafoya's primary care physician, Dr. Rosemary Zaph, continued the work restriction, though Dr. Consecu released Tafoya to regular duty.  See id.  Dr. Zaph made the work restriction permanent on April 6, 2004.  See id.

On October 22, 2003, Jeff[1] Gallegos,  a DOH employee,  informed Tafoya that, because she could no longer perform the duties involved with her original position, she would be involuntarily separated from employment pursuant to 1 N.M.A.C. 7.10.13.  See Amended Complaint ¶ 29, at 9,10; 1 N.M.A.C. 7.10.13 (version applicable at time)(attached to Amended Complaint as Exhibit 2).

---

[1]The Amended Complaint refers to Mr. Gallegos as "Lee," see Amended Complaint ¶ 29, at 9, as does the Letter from Brozost to Tafoya at 2 (dated May 20, 2004).  In correspondence between Mr. Gallegos and Tafoya, he signed his name "Jeff Gallegos."  Letter from Gallegos to Tafoya (dated June 2, 2004).

Gallegos advised Tafoya, in violation of 1 N.M.A.C. 7.10.13,  that it was her responsibility to review

job opportunities and notify him if there were positions available at or below her current midpoint.

See Amended Complaint ¶ 29, at 10.  In March of 2004, Tafoya applied to remain in the position she

had occupied since sustaining her injuries.  See id. ¶ 30, at 10.  Brian Brozost, Michele Lujan-

Grisham and DOH did not give her the job.  See id.

On April 22, 2004, Brozost, the Executive Director of the Las Vegas Medical Center,

informed Tafoya via letter that, because she could not perform the essential functions of her position,

the Department intended to terminate her employment.  See id. ¶ 31, at 10.  Tafoya presented an oral

response to the notice of contemplated action to DOH on May 12, 2004.  See Letter from Brozost

to Tafoya at 3 (dated May 20, 2004)(attached to Amended Complaint as Exhibit 4).

In a third letter, dated May 20, 2004, Brozost notified Tafoya that, pursuant to both 1

N.M.A.C. 7.11 and 1 N.M.A.C. 7.10.13,  her employment would be terminated for just cause on

May 22, 2004.  See Amended Complaint ¶ 32, at 10.  Tafoya was disabled and had a serious medical

condition at the time her employment was terminated.  See id. ¶ 2, at 2.  The letter also informed

Tafoya that she could appeal the decision to the State Personnel Board within thirty days of her

termination.  See Letter from Brozost to Tafoya at 3.

Tafoya alleges that all Defendants knowingly used 1 N.M.A.C. 7.11, instead of 1 N.M.A.C.

7.10.13, to terminate her employment to avoid the consequences of the April 6, 2004 district court

ruling in Brown v. New Mexico State Personnel Office, CV-02-1638 LH/ACT, which held that 1

N.M.A.C. 7.10.13 was unconstitutional because it did not provide opportunity for appeal.  See

Amended Complaint ¶ 32, at 10.  The United States Court of Appeals for the Tenth Circuit upheld

Judge Hansen's ruling on March 1, 2005.  See Brown v. New Mexico State Personnel Office, 399

F.3d 1248, 1257 (10th Cir. 2005).  The final letter justified Tafoya's termination under 1 N.M.A.C.

7.11.8, which permits employers to terminate employees after disciplinary problems and for "just

cause."  Amended Complaint ¶ 32, at 10.  See Letter from Brozost to Tafoya.  That letter also

explained that Tafoya was "unable to perform the essential functions of her pre-injury position,"

language found only in 1 N.M.A.C. 7.10.13(A).  Amended Complaint ¶ 32, at 10.  DOH

acknowledged in another letter dated June 2, 2004 that Tafoya was not terminated for disciplinary

reasons.  See id. ¶ 34. at 11; Letter from Gallegos to Tafoya (dated June 2, 2004)(attached to

Amended Complaint as Exhibit 6).

On May 26, 2004, Tafoya filed a notice of appeal with the State Personnel Board.  See

Amended Complaint ¶ 36, at 11.  The Board notified her on January 27, 2005 that the hearing was

scheduled for March 28, 2005.  See id.  Tafoya alleges that the Defendants did not intend to provide

a hearing and the State Personnel Office ("SPO") scheduled the hearing only after Tafoya filed this

lawsuit on October 18, 2004.  See id.  Tafoya specifically contends that Lujan-Grisham, as the

Department Secretary, and Brozost were "responsible for knowing and enforcing all laws and

regulations related to the employment of personnel in their department[]."  Id. ¶ 12, at 4.

## PROCEDURAL BACKGROUND

On October 18, 2004, Tafoya filed suit against DOH, Lujan-Grisham, and Brozost in the First

Judicial District Court of the State of New Mexico.  See Defendant's Notice  of Removal ¶ 1, at 1,

filed November 24, 2004 (Doc. 1).  Defendants removed this case to the United States District Court

for the District of New Mexico on November 24, 2004.  See id.  The Honorable Judge Richard

Puglisi, United States Magistrate Judge, granted leave for Tafoya to amend her complaint on March

31, 2005.  See Order (Doc. 18).

The First Amended Complaint contains four Counts: (i) Counts I and II are for breach of contract and breach of the covenant of good faith and fair dealing, which are brought only against DOH, <u>see</u> Amended Complaint ¶¶ 43-49, at 14-15; (ii) Count III is brought against Lujan-Grisham and Brozost pursuant to § 1983, and alleges that "promulgating and enforcing a regulation which facially and without rational basis discriminates against persons with disabilities" violates equal protection, and that not affording "recourse to any subsequent procedural protections" was a denial of procedural due process, Amended Complaint ¶ 53-54, at 16; and (iii) Count IV alleges conspiracy pursuant to § 1985(3) against all Defendants, which was ceded at the hearing and is now pursued under § 1983,[2] <u>see</u> Amended Complaint ¶¶ 10-11, at 3; Transcript of Hearing at 19:12-22:14, 30:24-31:8 (taken November 3, 2004).[3] DOH moves the Court to dismiss Counts I and II because the State Personnel Act is Tafoya's exclusive remedy for breach of contract. DOH, Lujan-Grisham and Brozost move the Court to dismiss Count IV, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, because Tafoya failed to state a claim upon which relief can be granted. Defendants Lujan-Grisham and Brozost move the Court to dismiss Count III because they are entitled to qualified immunity. <u>See</u> Defendants Lujan-Grisham and Brian Brozost's Motion to Dismiss on the Basis of Qualified Immunity and Department of Health Defendant's Motion to Dismiss or to Stay on Other Grounds at 1-3 ("Motion to Dismiss"). This Motion to Dismiss does not relate to claims brought

---

[2] Count IV in the First Amended Complaint is titled "Against all Defendants." The Defendants correctly argue that the DOH and the individuals in their official capacities are immune from suit pursuant to the Eleventh Amendment and <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 63-64 (1989). Tafoya conceded this argument at the November 3, 2005 hearing. <u>See</u> Transcript of Hearing at 19:24-25 and 20:1-2 (taken November 3, 2004).

[3] The court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

against the SPO or its Director, Sandra Perez.

## STANDARD FOR DECIDING MOTIONS TO DISMISS

A court may not grant a motion to dismiss "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  All well-pled allegations will be credited, but the court need not accept conclusory allegations.  See Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 510 (10th Cir. 1998).  The court will "liberally construe all pleadings and draw all reasonable inferences in favor of the plaintiff." Id.  Documents attached to the complaint are considered within the pleadings, and the court may review them.  See Alexander v. Oklahoma, 382 F.3d 1286, n.2 (10th Cir. 2004).  If a defendant claims qualified immunity, "[a]ll [the court] need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions."  Tonkovich v. Kansas Bd. of Regents 159 F.3d at 510 (quoting Mitchell v. Forsyth, 472 U.S. 511, 527-528 (1985)(internal quotations omitted)).

## LAW REGARDING QUALIFIED IMMUNITY

Qualified immunity protects federal and state officials from liability for discretionary functions and from the "unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."  Siegert v. Gilley, 500 U.S. 226, 232 (1991).  These protections allow society to avoid the high cost of suit for both government and the public including "the expenses of litigation, the diversion of official energy from pressing public issues, and deterrence of able citizens from acceptance of public office." Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982).  To serve these purposes, "qualified immunity questions should be resolved at the earliest possible stage of a litigation." Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987).  Qualified immunity bars suits that result both from direct

allegations of unconstitutional official behavior and suits brought under § 1983.  See Harlow v. Fitzgerald, 457 U.S. at 818 n.30.

Once a defendant asserts qualified immunity, the plaintiff must make a particularized showing that: (i) the defendant violated a constitutional right; and (ii) the right was clearly established such that a reasonable official would recognize a violation.  See Patrick v. Miller, 953 F.2d 1240, 1243 (10th Cir. 1992).  The plaintiffs must plead specific facts which allege that the defendant "subjected a citizen to the deprivation, or caused a citizen to be subject to the deprivation."  Tonkovich v. Kansas Bd. of Regents, 159 F.3d at 518.

A showing that a defendant violated a statute or administrative provision is not sufficient to demonstrate that the defendant violated a clearly established constitutional right.  See Davis v. Scherer, 486 U.S. 183, 194 (1984).  Such a showing is, however, relevant to the reasonableness of an official's conduct.  See Roska ex rel. Roska v. Peterson, 328 F.3d 1230, 1251-1252 (10th Cir. 2003).

## LAW REGARDING EQUAL PROTECTION

The Equal Protection Clause of the Fourteenth Amendment requires government officials to treat similarly situated parties similarly.  See U.S. Const. amend. XIV, § 1.  "States must treat like cases alike but may treat unlike cases accordingly."  Tonkovich v. Kansas Bd. of Regents, 159 F.3d at 531.  Unless a complaint involves a fundamental right or the plaintiff is a member of a suspect class, courts uphold laws relationally related to a legitimate government purpose.  See id. at 532.  The United States Court of Appeals for the Tenth Circuit has determined that disabled persons do not constitute a suspect class; rational basis scrutiny applies to equal protection claims regarding disabled people.  See Brown v. New Mexico State Personnel Office, 399 F.3d at 1255.

To survive a motion to dismiss, equal protection pleadings must "identify specific actions taken by particular defendants that could form the basis of an equal protection claim." <u>Tonkovich v. Kansas Bd. of Regents</u>, 159 F.3d at 532.  The plaintiff in <u>Tonkovich</u> charged that many individuals and groups of defendants violated his equal protection rights during a year-long investigation into student allegations of sexual abuse.  <u>See id.</u> at 515.  Granting the defendant's motion to dismiss, the Tenth Circuit held that the plaintiff did not identify specific actions taken by any of the numerous defendants which could have caused his alleged injury.  <u>See id.</u> at 532.  The court required specificity because "each of the defendants had different powers and duties and took different actions with respect to Professor Tonkovich."  <u>Id.</u>

"Under rational-basis review, where a group possesses distinguishing characteristics relevant to interests the State has the authority to implement, a State's decision to act on the basis of those differences does not give rise to a constitutional violation."  <u>University of Alabama at Birmingham v. Garrett</u>, 531 U.S. 356, 366-367 (2001) (internal quotations omitted).  The Tenth Circuit did find an equal protection violation in <u>Brown v. New Mexico State Personnel Office</u> when a disabled person was terminated, but the violation was in the manner of, rather than the reason for, termination.  <u>See</u> 399 F.3d at 1255.  The New Mexico regulation at issue in <u>Brown v. New Mexico State Personnel Office</u>, 1 N.M.A.C. 7.10.13, the same regulation used in this case, lacked rational basis "because the relationship between the distinction based on disability and the government's interest are so attenuated and because refusing administrative hearings and appeals to avoid stigma is irrational."  <u>Id</u> at 1256.

## LAW REGARDING DUE PROCESS

The State may not "deprive any person of life, liberty or property, without due process of law."  U.S. Const. amend XIV, § 1.  The Due Process guarantee affords both procedural and

substantive protections.  See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985).   To show a procedural due process violation, a plaintiff must establish the defendant deprived him of a life, liberty or property interest. See United States. v. Salerno, 481 U.S. 739, 746 (1987).  A property interest in employment exists where an employee has a legitimate expectation of continued employment.  See Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (1998).  Permanent state employees who have completed a probationary period, have a protected property interest in their continued employment; existing "restrictions on the government's ability to terminate are sufficient to create a property interest in [an employee]."  Brown v. New Mexico State Personnel Office, 399 F.3d at 1254.

To determine whether an employee received the requisite level of procedural process, the court balances "the private interests in retaining employment, the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous termination."  Matthews v. Eldridge, 424 U.S. 319, 335 (1976).  A pre-termination hearing is constitutionally required, but what constitutes that hearing is determined in light of available post-termination procedures.  See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. at 545.  "Where . . . the pre-termination process offers minimal opportunity for the employee to present her side of the case, the procedures in the post-termination hearing become much more important."  Brown v. New Mexico State Personnel Office, 399 F.3d at 1255.  The Tenth Circuit in Brown continued: "In the instant case, [the employee] . . .  was afforded no post-termination hearing or opportunity to appeal the SPO's decision to terminate her.  Accordingly, the district court was correct in finding that the lack of procedural due process violated [the employee's] constitutional rights."  Id. A pre-termination hearing conducted by the terminating agency is sufficient to satisfy procedural due

process where state law provides a full evidentiary post-termination hearing.  See Davis v. Scherer, 468 U.S. at 192.

Procedural due process has two constitutionally required elements: (i) the employee must receive notice; and (ii) the employee must have an opportunity to respond.  See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. at 546.  The opportunity to respond must be "at a meaningful time and in a meaningful manner."  Matthews v. Eldridge, 424 U.S. at 333.  The Tenth Circuit defined "meaningful manner" to require: "(1) an impartial tribunal; (2) notice of the charges and that the notice be given a reasonable time before hearing is to take place; and (3) except in emergency situations, that the hearing be held before termination becomes effective."  Walker v. United States, 744 F.2d 67, 70 (10th Cir. 1984), overruled on other grounds by Melton v. City of Oklahoma City, 928 F.2d 930 (10th Cir. 1991).

The plaintiff must establish that a particular defendant was responsible for the due process violation.  See Martinez v. Mafchir, 35 F.3d 1486, 1491- 92 (10th Cir. 1994).  In Mafchir, a mother did not receive notice of a hearing on a neglect petition regarding her child.  See id. at 1489.  The mother alleged that a defendant social worker disregarded procedural due process by not notifying the mother of the hearing.  See id.  The Tenth Circuit determined that the New Mexico statute did not specifically identify who was responsible for providing notice; there was indication that another party, not the social worker, was responsible.  See id. at 1493.  The social worker's actions indicated that she otherwise acted diligently, and the Tenth Circuit found no procedural due process violation on her part.  See id.

### LAW REGARDING CONSPIRACY

A § 1983 cause of action can rest on a conspiracy between multiple state and private actors.

-10-

See Tonkovich v. Kansas Bd. of Regents, 159 F.3d at 533.  The Tonkovich court dismissed the plaintiff's conspiracy count, however, because he did not allege specific facts establishing an agreement between the defendants.  Id.  The court refused to infer that the individual defendants worked in concert to deprive the plaintiff of his constitutional rights.  Id.  "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."  Hunt v. Bennett, 17 F.3d 1263 (10th Cir. 1994).

### NEW MEXICO LAW REGARDING STATE EMPLOYMENT CONTRACTS

A discharged employee is required by the State Personnel Act to raise breach of contract issues before the State Personnel Board ("SPB").  See Barreras v. State of New Mexico Corrections Dept., 133 N.M. 313, 315, 62 P.2d 700, 772 (Ct. App. 2002); 1978 N.M.S.A. § 10-9-10(B).  A state employee's suit for breach of contract "necessarily involves the State Personnel Act and attendant rules, regulations and personnel policies, and the essence for those claims can be adjudicated in proceedings before the SPB."  Barreras v. State of New Mexico Corrections Dept., 133 N.M at 316, 62 P.2d at 774.  As a result, "the employee's remedies [for breach of contract] are limited to those set forth in the State Personnel Act."  Id. at 313, 62 P.2d at 772.  "[T]he State Personnel Act provides the exclusive remedy for [an employee's] breach-of-contract claims based on that same Act."  Id. at 318, 62 P.2d at 775. Where a statute offers exclusive remedies, a plaintiff must exhaust those remedies before proceeding to the district court for relief: "With either [exclusive remedy, the statute] requires exhaustion of administrative remedies."  U.S. Xpress, Inc v. State of New Mexico Taxation and Revenue Dept., 2006-NMSC-17, ¶ 7.  After the employee takes an appeal to the SPB, the

employee "may appeal the decision to the district court."  1978 N.M.S.A. § 10-9-18 (G).

Exhaustion of administrative remedies is not required, however, "where it would be futile or fail to provide adequate relief."  Association for Community Living in Colorado v. Romer, 992 F.2d 1040, 1044 (10th Cir. 1993).  "Administrative remedies are generally inadequate or futile where plaintiffs allege structural or systemic failure and seek systemwide reforms."  Id.  If an administrative appeal is proceeding, it is inappropriate for the court to retain jurisdiction over the matter.  See Calvert v. Callahan, 990 F.Supp. 1280, 1283 (D.Kan. 1997).  The administrative agency in Calvert did not provide a hearing for five years after the complaint.  See id. at 1281. The court acknowledged that the plaintiff's filing suit in district court probably prompted the agency to provide a hearing.  See id. Despite the delay and the motivation for the agency, the court held that "judicial intervention is [not] necessary to complete the administrative process in a reasonably prompt manner" and "exhaustion of administrative remedies at this juncture would not be futile."  Id. at 1283.

"Whether express or not, every contract in New Mexico imposes the duty of  good faith and fair dealing upon the parties in the performance and enforcement of the contract."  WXI/Z Southwest Malls v. Mueller, 137 N.M. 343, 351, 110 P.3d 1080, 1088 (Ct.App. 2005).  A cause of action for breach of an implied covenant of good faith and fair dealing cannot prevail without an accompanying showing for breach of a contract.  See Azar v. Prudential Ins. Co. of America, 133 N.M. 669, 685, 68 P.3d 909, 925 (Ct.App. 2003).

## NEW MEXICO LAW REGARDING TERMINATION OF STATE EMPLOYEES

The purpose of the SPO "is to establish for New Mexico a system of personnel administration based solely on qualifications and ability, which will provide greater economy and efficiency in the management of state affairs."  1978 N.M.S.A. § 10-9-2.  The SPO is required by statute, see 1978

N.M.S.A. § 10-9-10, and the state is required by federal law, see Board of Regents of State Colleges v. Roth, 408 U.S. 564, 566-567 (1972), to provide post-termination hearings after a state employee has been dismissed, see Brown v. New Mexico State Personnel Office, 399 F.3d at 1256.   State employees may be terminated either for cause (disciplinary reasons) under 1 N.M.A.C. 7.11.10 or because they can no longer perform their job responsibilities because of disability under 1 N.M.A.C. 7.10.13.   Before Brown, the SPO did not provide a hearing for an employee separated for disability under 1 N.M.A.C. 7.10.13.   Pre- and post-termination hearings always accompanied terminations for cause.   See 1 N.M.A.C. 7.11.13 (A-C)

## ANALYSIS

The Court will grant Lujan-Grisham and Brozost's request to dismiss Count III on the basis of qualified immunity.   Tafoya did not establish that the Defendants violated a constitutional right clearly established to a reasonable officer.   The Court will grant DOH's request to dismiss Counts I and II for failure to exhaust administrative remedies.   The Court will grant DOH, Lujan-Grisham and Brozost's request to dismiss Count IV for failure to state a claim.   Breach of contract allegations arising from the State Personnel Act must be appealed to the State Personnel Board before filing suit in district court.   Tafoya did not allege facts which support a theory of conspiracy under § 1983.

## I.     PLAINTIFF TAFOYA DID NOT EXHAUST HER ADMINISTRATIVE REMEDIES REGARDING THE CONTRACT CLAIMS.

Tafoya's breach of contract and breach of good faith and fair dealing claims are based on an express or implied contract "represented by the State Personnel Rules and Regulations as a whole." Amended Complaint ¶ 39, at 12.   Her complaint for breach of good faith and fair dealing is necessarily tied to the breach of contract complaint: "[Good faith and fair dealing] is breached only when a party seeks to prevent the contract's performance or to withhold its benefits from the other

-13-

party." Azar v. Prudential Ins. Co. of America, 133 N.M. at 685, 68 P.3d at 925.  New Mexico requires Tafoya to exhaust the available administrative remedies with the SPB regarding the employment contract, written or implied, because the contract arises from the State Personnel Act. See Barreras v. State of New Mexico Corrections Dept., 133 N.M. at 313, 62 P.2d at 772.  While New Mexico does not require exhaustion of administrative remedies if exhaustion would be futile, Tafoya has not sufficiently pled or argued futility.  Neither has Tafoya alleged facts that establish a structural or systematic defect within the DOH.  Accepting Tafoya's allegations that the DOH did not intend to provide a hearing until she filed this suit, administrative proceedings are currently underway.  It would not be futile to continue those proceedings and "serve the laudable purposes generally promoted by that requirement." Calvert v. Callahan, 990 F.Supp. at 1283.  Absent futility, New Mexico law requires Tafoya to exhaust administrative remedies before pursuing either a breach of contract claim or a breach of good faith and fair dealing claim in district court.

## II.    LUJAN-GRISHAM AND BROZOST ARE ENTITLED TO QUALIFIED IMMUNITY.

To withstand a motion to dismiss after Lujan-Grisham and Brozost asserted qualified immunity, Tafoya must establish that: (i) the Defendants violated a constitutional right; and (ii) that right was clearly established such that a reasonable official would recognize a violation.  See Patrick v. Miller, 953 F.2d at 1243.  Tafoya alleges that, to satisfy the first requirement, the Defendants violated her equal protection and procedural due process rights.  See Amended Complaint ¶¶ 52-54, at 15.  Relying on Brown v. New Mexico State Personnel Office, Tafoya further argues that the Tenth Circuit clearly established that these rights would be violated if: (i) individual state employers promulgated a regulation which permitted employees to be fired because of disability; (ii) state employers fired employees pursuant to a regulation that permitted "for cause" termination when the

-14-

true justification was that the employee could no longer perform the job because of disability; (iii) the State failed to provide a post-termination hearing; and (iv) state employers terminated an employee pursuant to a regulation which they knew was unconstitutional. See Amended Complaint ¶¶ 53-54, at 16. Tafoya does not sufficiently allege that the Defendants violated her constitutional rights; Brown v. New Mexico State Personnel Office does not stand for so broad a proposition as she would have the Court hold.

### A. TAFOYA HAS NOT SHOWN THAT LUJAN-GRISHAM AND BROZOST VIOLATED HER CONSTITUTIONAL RIGHTS.

#### 1. Equal Protection.

Tafoya alleges that Lujan-Grisham and Brozost treated her differently than other similarly situated employees when she was fired pursuant to 1 N.M.A.C. 7.11.8 and that the Defendants' provided rationale rooted in 1 N.M.A.C. 7.10.13 violated equal protection because it treats disabled employees differently than other employees. See Amended Complaint ¶¶ 53-54, at 16. Tafoya is not a member of a suspect class and does not allege violation of a fundamental right; therefore, the Court examines her equal protection claim for a rational relation to a legitimate government purpose. See Tonkovich v. Kansas Bd. of Regents, 150 F.3d at 532.

Tafoya pleads no specific facts which establish that Lujan-Grisham and Brozost treated her differently than similarly situated employees, an element required to establish an equal protection violation. With regard to Lujan-Grisham, Tafoya pled no specific facts at all, but rather listed duties that might be the responsibility of a state department secretary. See Amended Complaint ¶ 12, at 4.[4]

---

[4] Mr. Geran, Tafoya's counsel, indicated at the November 3, 2004 hearing that it is his practice to include department heads as defendants in employment cases because there ultimately has to be some "accountability at the top for the fact of these clear constitutional violations that are knowingly committed by the agency." Transcript of Hearing at 36:14-24 (taken November 3, 2004).

Brozost wrote the final letter terminating Tafoya; Tafoya alleges that he knew that Brown v. New Mexico State Personnel Office held 1 N.M.A.C. 7.10.13 unconstitutional before her termination and that he "falsely justified Plaintiff Tafoya's termination as a termination for just cause, in order to circumvent [Brown]." Amended Complaint ¶ 13, at 4. Assuming this allegation is true, Tafoya does not demonstrate how this action would violate equal protection safeguards. Equal protection shields similarly situated persons from different treatment. See U.S. Const., amend. XIV, § 1. Tafoya does not show how Brozost's action, for the purpose of "circumventing Brown," purports to treat her differently. Brozost's use of the "just cause" regulation appears to have had the effect of treating Tafoya, a disabled employee, in the same way as other terminated employees: it enabled her to request a hearing from the SPO. It was the lack of hearing for disabled persons when non-disabled persons received a hearing that violated equal protection in Brown v. New Mexico State Personnel Office. See 399 F.3d at 1256. Brozost's use of "just cause," even for the purpose of "circumventing Brown," was rationally related to a legitimate government purpose: providing Tafoya with an opportunity for pre- and post-termination due process procedures. The Court fails to understand how providing a pre-termination hearing for an employee could be considered a constitutional violation, where no lapse in procedure occurs.

Tafoya additionally contends that the Defendants justified her termination "by a regulation which facially and without rational basis discriminates against persons with disabilities." Amended Complaint ¶ 53, at 16. If the Defendants promulgated an unconstitutional regulation by "policy, statement, regulation or decision," they are liable under § 1983. See Monell v. Dept. of Social Services, 436 U.S. 658, 690 (1978). The regulation at issue is not, however unconstitutional; it does not discriminate without rational bases against persons with disabilities. The states "are not required

-16-

by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational." University of Alabama at Birmingham v. Garrett, 531 U.S. at 367. Garrett involved an equal protection claim against an employer; the Supreme Court held that, "[i]f special accommodations for the disabled are to be required, they have to come from positive law and not through the Equal Protection Clause." Id. at 386. The New Mexico Voluntary and Involuntary Separation regulation goes beyond federal equal protection requirements, as stated in Garrett, by requiring agencies to accommodate disabled employees before termination. Tafoya was placed on permanent disability and could no longer perform the duties of her position as a Laundry Worker; DOH had an interest in the smooth operation of the department. Tafoya fails to adequately plead an equal protection claim under § 1983 against Lujan-Grisham and Brozost, because she did not allege she was treated differently than similarly situated employees and because their actions were rational, as University of Alabama at Birmingham v. Garrett requires.

### 2. **Procedural Due Process.**

Tafoya further alleges that Lujan-Grisham and Brozost violated her procedural due process rights by depriving her of a property interest in employment without due process of law. The Tenth Circuit has held that New Mexico has created a property interest in state employment, where such employment is terminated because of an employee's disability. See Brown v. New Mexico State Personnel Office, 399 F.3d at 1254. Tafoya does not dispute that the letter which Brozost signed, dated May 20, 2004, offered her the opportunity for a pre-termination hearing, which she accepted. See Letter from Brozost to Tafoya at 3 (dated May 20, 2004). She does dispute whether the hearing offered was sufficient to satisfy procedural due process, arguing instead that SPO and DOH did not intend to provide a hearing. See Amended Complaint ¶ 36, at 11. The SPB now provides every

terminated employee with the opportunity to appeal the decision in a full evidentiary hearing within thirty days of the effective date of termination.  See 1 N.M.A.C 7.12.1-25.

Attempting to minimize the importance of the pre-termination hearing, Tafoya contends that Lujan-Grisham and Brozost were also responsible to ensure that she received an adequate post-termination hearing, despite the SPO's statutory mandate to conduct those appeals.  Tafoya cites Singhas v. NMSHD, 120 N.M. 474, 902 P.2d 1077 (Ct. App. 1995), to support the notion that the "entire business of dividing up the New Mexico State Government into separate agencies, and tactically pitting them against each other for litigation advantage, is senseless, needless, bad policy, bad jurisprudence, and . . . artificial distinction."  Plaintiff's Response to Defendant's Motion to Dismiss at 8.  Singhas v. NMSHD, however, confronted substantially different facts.  A Public Defender Department ("PDD") employee suffered injuries on the job and attempted to sue the Highway Department for damages as an entity legally distinct from the PDD.  The employee's estate sought to recover damages from the Highway Department in addition to the worker's compensation benefits it received from the PDD.  For the purposes of third-party tortfeasor liability, the New Mexico Court of Appeals held that both the PDD and the Highway Department were "state employers."  Id. at 480, 902 P.2d 1083.

Neither party attempts to separate the DOH and the SPO for the purpose of damages recovery, but rather attempted to show who was responsible to provide a post-termination hearing. The SPO was created to "provide greater economy and efficiency in the management of state affairs." 1978 N.M.S.A. § 10-9-2.  Even in Singhas v. NMSHD, the plaintiffs received compensation, not from the PDD, but from the Risk Management Division of the General Services Department, a separate department which provided "workers' compensation coverage for all public employees of

-18-

all state agencies regardless of the hazards of their employment."  Singhas v. NMSHD, 120 N.M. at 479, 902 P.2d at 1082.  The proposition that a plaintiff cannot twice recover financially from the state by suing separate departments does not invalidate the administrative device of arranging government activity into separate departments with carefully established responsibilities.

Tafoya alleges that these Defendants are responsible for an eight-month delay of the post-termination hearing, because they never intended to provide such a hearing, despite the offer made in the May 20, 2004 letter that Brozost signed.  See Amended Complaint ¶ 36, at 11.  Tafoya, again, pled no specific facts which support the allegation against Lujan-Grisham.  Brozost provided Tafoya with the information that would have enabled her to pursue an appeal with the SPO.  If a statute indicates, even indirectly, which party is responsible for fulfilling due process requirements, another party will not be held liable.  See Martinez v. Mafchir, 35 F.3d at 1491-92.  Assuming Brozost and Lujan-Grisham did not intend for Tafoya to receive a post-termination hearing, the statute requires the SPO, and not the DOH, to provide one.  See N.M.S.A. 1978 § 10-9-10.  Brozost and Lujan-Grisham, as DOH employees, were therefore not required to provide Tafoya with a post-termination hearing, because the SPO was responsible for fulfilling the due process requirement.

Tafoya received notice of her termination and an opportunity to respond to the charges.  The pre-termination hearing provided by these Defendants was sufficient in light of available neutral opportunities to be heard, post-termination.  Tafoya does not state a claim that Lujan-Grisham and Brozost violated procedural due process.

## B. TAFOYA HAS NOT SHOWN THAT THE ALLEGED CONSTITUTIONAL RIGHTS WERE CLEARLY ESTABLISHED TO A REASONABLE OFFICER.

Even if Tafoya had shown that Lujan-Grisham and Brozost violated her equal protection or due process rights, the Defendants would still be entitled to qualified immunity, because it is not

clearly established that they were responsible for safeguarding those rights. Tafoya alleged that DOH employees used one regulation rather than another in violation of her equal protection rights. It is not clearly established that equal protection requires state agencies to use a particular law to ensure that similarly situated cases are treated similarly. As long as a disabled employee is ultimately treated in the same manner as a non-disabled employee, there is no equal protection violation. Though Brown v. New Mexico State Personnel Office held that 1 N.M.A.C. 7.10.13 violated equal protection, it was not because the regulation allowed agencies to terminate disabled employees, but because the SPO did not provide a post-termination hearing for disabled employees upon termination. See Brown v. New Mexico State Personnel Office, 399 F.3d at 1256. Tafoya received a hearing, despite her contention that Brozost cited various regulations to "circumvent [the Brown v. New Mexico State Personnel Office] ruling and terminate Ms. Tafoya because of her disability." Amended Complaint ¶ 32, at 10. Brown v. New Mexico State Personnel Office did not establish that agencies must use a particular regulation, but rather that agencies must provide all terminated employees a hearing.

It is also not clearly established that the terminating agency must hold both pre- and post-termination hearings when another agency is statutorily responsible for hearing the mandated post-termination appeals. Brown v. New Mexico State Personnel Office addressed a different issue, whether terminated employees of the SPO were entitled to a post-termination hearing. That terminated employee in Brown v. New Mexico State Personnel Office effectively received no hearing at all. The Tenth Circuit found only that a post-termination hearing was necessary in light of minimal pre-termination procedures; it did not address which agency would be responsible for a post-termination hearing if the SPO was not the terminating employer. See Brown v. New Mexico State Personnel Office, 399 F.3d at 1255.

**III.**   **TAFOYA DOES NOT STATE A CLAIM FOR CONSPIRACY UNDER § 1983.**

It is not entirely clear that Tafoya pled a § 1983 conspiracy claim. The Amended Complaint specifically pleads a § 1985 conspiracy claim which was conceded at the November 3, 2004 hearing. At the same hearing, Mr. Geran, relying on Amended Complaint ¶ 11, at 3-4, suggested a § 1983 conspiracy claim. Tafoya made no § 1983 conspiracy claim in her briefing for this Motion to Dismiss, nor did she allege a § 1983 conspiracy claim specifically in her complaint. Even if she did plead such a claim, it must fail.

A plaintiff may bring a conspiracy cause of action pursuant to § 1983, but must allege facts which show an agreement between the defendants to commit the constitutional violations alleged in the complaint. See Tonkovich v. Kansas Bd. of Regents, 159 F.3d at 533. Though Tafoya did not sufficiently plead that Lujan-Grisham and Brozost violated her constitutional rights, the court may still consider whether their actions, combined with those of the other Defendants, violated her constitutional rights. Conclusory allegations to that effect, however, will not be read to imply that the Defendants coordinated their actions to deprive Tafoya of her equal protection and procedural due process rights. See id.

The pleadings establish the opposite of Tafoya's contentions. She alleges in conclusory fashion that "all of the state actors were acting together in order to not give her a hearing." Transcript of Hearing at 30:20-21 (taken November 3, 2004). The May 20, 2004 letter from Brozost informs Tafoya that she has a right to appeal her termination with the SPO. See Letter from Brozost to Tafoya at 3. The facts admitted in the pleadings do not support the allegation that Lujan-Grisham and Brozost worked together with the other Defendants to deny Tafoya a post-termination hearing because Brozost notified Tafoya that she could appeal to the SPO. Tafoya does not allege any facts which

-21-

support the allegations in the Amended Complaint ¶ 11, at 3.  Because Tafoya only alleges in a

conclusory manner that a conspiracy existed and did not plead any facts to support that theory, she

fails to state a claim for conspiracy pursuant to § 1983.

**IT IS ORDERED** that Defendant's Motion to Dismiss Counts I, II, III and IV is granted.

The Court will enter judgment for the Defendants Lujan-Grisham, Brozost, and DOH, and against

Plaintiff, Tafoya.[5]

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

George Geran
The Law Office of George Geran
Albuquerque, New Mexico

--and--

Michelle Masiowsk
Serra, Garrity & Masiowski, LLC
Santa Fe, New Mexico

     *Attorneys for Plaintiffs*

Elizabeth L. German
Daniel J. Macke
Brown and German
Albuquerque, New Mexico

     *Attorneys for Defendants*

---

[5] Defendant's Motion to Dismiss included an alternative argument requesting that, if the Court did not dismiss the claims, the Court stay judgment on the claims until after the SPO appeal completed. Because the Court dismissed all Counts against these Defendants, the Court need not and does not address those arguments.